IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-00038-CV-W-HFS |
| MARK KARSCIG, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

Before the court is the motion of defendant, Mark Karscig, to dismiss for lack of jurisdiction, pursuant to 28 U.S.C. § 1332(a). Defendant, Jennifer McConville, seeks remand to the Circuit Court of Johnson County, Missouri[1]. Plaintiff, American Family Mutual Insurance, has filed a motion for summary judgment.

American Family commenced this action seeking a declaration that three motor vehicle insurance policies do not afford coverage for any judgment which may be obtained by defendant Karscig. American Family also seeks a declaration that it has no legal duty to defend or indemnify defendant McConville, under these insurance policies. There are four relevant insurance policies, and each provided liability insurance of $25,000 per person and $50,000 per occurrence. The

---

[1] However, the request for remand is not an action this court could take, because the action was not removed from state court. Post Performance, LLC v. Renaissance Imports, Inc., 333 F.Supp.2d 834, 837 (E.D.Mo. 2004); see also, 28 U.S.C. § 1447 (remand is a procedure available for removed cases).

policies were all held by McConville's parents, Ronald and Nancy McConville, but Jennifer McConville is limited as the primary driver on one of them. The policies are as follows:

1.) McConville's parents owned a 1998 Pontiac and held insurance policy no. 7440-9123-03-55-FPPA-MO ("Ex. A").

2.) McConville's parents also owned a 1998 Chevrolet and held insurance policy no. 7440-9123-05-61-FPPA-MO ("Ex. B").

3.) McConville's parents owned a 1990 Pontiac and held insurance policy no. 7440-9123-07-67-FPPA-MO ("Ex. C"), which listed Jennifer as the primary driver.

4.) McConville's parents owned a 1986 Chevrolet and held insurance policy no. 7440-9123-08-70-FPPA-MO ("Ex. D").

The underlying action in this case involves a car accident between Karscig and McConville which occurred on October 12, 2005. At the time of the accident, McConville was driving the 1998 Pontiac owned by her parents, and insured under Ex. A. After several discussions among the parties regarding which of the policies provided coverage for injuries sustained by Karscig, American Family filed the instant declaratory judgment action seeking a declaration from this court that insurance policies B, C, and D do not provide liability coverage to Karscig for injuries sustained in the motor vehicle accident[2].

A few days after t his case was filed, Karscig commenced an action for damages in the Circuit Court of Johnson County, Missouri against McConville and American Family. (Exhibit

---

[2]Since the commencement of the instant action, McConville has filed a cross-claim in the Circuit Court of Johnson County, Missouri against American Family seeking a declaration of her insurance coverage. (Exhibit attached to Motion To Dismiss: Tab E). McConville contends that she has coverage totaling $50,000 under policy A and policy C. (Id).

2

attached to Motion To Dismiss: Tab A). In count I, Karscig asserted a claim of negligence against McConville, and he noted a prior settlement offer made to American Family to settle for $750,000, along with interest pursuant to Missouri Revised Statute § 408.040. (Id: pg. 1-4). In count II, Karscig sought a declaratory judgment as to whether he was entitled to recover under both insurance policies A and C, or as contended by American Family, only under policy A. (Id: pg. 5-7). In his motion to dismiss, Karscig argues that jurisdiction is lacking because the amount in controversy is not in excess of $75,000, and there is not complete diversity of citizenship between the parties. American Family disagrees, and points to various documents, purportedly showing that the amount in controversy is indeed in excess of $75,000, and that there is existence of diversity of citizenship. After review of the arguments presented by the parties, on reconsideration of the previous denial of the motion without prejudice, I conclude it is unnecessary to determine whether the insurer should be aligned with its insured, for diversity analysis, because I conclude that any controversy over coverage under the three policies cannot total over $75,000, and thus falls just short of the requirement that federal jurisdiction requires a controversy exceeding $75,000.

      The insurer does not and has never questioned coverage under the policy dealing with the 1998 Pontiac. It only contests coverage on policies listing other vehicles. Simply because the injured person, Karscig, and his attorney have declined to sign a document stipulating to a maximum of $75,000 for the controversy does not raise the stakes.[3] The briefing here agrees with the insurer's concession that the $25,000 policy covering the 1998 Pontiac does apply to the collision in question, and any controversy is therefore over the three other policies.

---

[3] Such a stipulation has been recently filed, but only between the two defendants.

In its elaborate brief in opposition to dismissal, the insurer offers no citations supporting its claim that there exists a legally recognizable controversy over the policy covering the automobile that was in the accident, or that hypothetical claims of defendant Karscig outside policy limitations can be used to increase the amount in controversy for diversity purposes.

The motion to dismiss (ECF Doc. 7) is therefore GRANTED. Judgment shall be entered in favor of defendants.[4]

          /s/ Howard F. Sachs
              HOWARD F. SACHS
              UNITED STATES DISTRICT JUDGE

April 11, 2006

Kansas City, Missouri

---

[4] While the driver, defendant Jennifer McConville, has not filed a motion to dismiss, her motion to remand will be treated as a motion to dismiss since it also seeks to avoid this court's jurisdiction.